# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,
ex rel. Kipp Fesenmaier,

        Plaintiffs,

v.

The Cameron-Ehlen Group, Inc.,
dba Precision Lens, and
Paul Ehlen,

        Defendants.

CIVIL FILE NO. 13-CV-3003 (WMW/DTS)

**RULE 26(f) REPORT**

___

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on October 3, 2018, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for October 10, 2018, before the United States Magistrate Judge David T. Schultz in Room 9E, of the U.S. Courthouse in Minneapolis, Minnesota. The parties do not request that the pretrial be held by telephone.

(a) Description of the Case.

   (1) Concise factual summary of plaintiff's claims:

      Plaintiffs United States and Relator allege that Defendants Precision Lens ("PL") and Paul Ehlen ("Ehlen") violated the Anti-Kickback Statute (AKS) and the False Claims Act (FCA) by engaging in a lengthy scheme to pay kickbacks to ophthalmologists in order to induce the physicians to utilize products supplied by PL and its corporate partner in eye surgeries.

      Specifically, Plaintiffs allege Defendants knowingly provided items of value, such as lavish hunting, fishing and golf trips, private plane flights, and frequent-flyer miles to ophthalmologists. Defendants provided these incentives with a purpose of inducing the ordering of products supplied by PL and its corporate partner. Defendants provided these incentives for free or at less than fair market value. The physicians in turn arranged for ophthalmic products supplied by PL to be used in their cataract surgeries, including those covered by Medicare.

   (2) Concise factual summary of defendant's claims/defenses:

      Defendants Precision Lens and Paul Ehlen did not knowingly pay kickbacks to any physician. At all times relevant to the Complaint in Intervention, Precision Lens and Paul Ehlen

worked in good faith to comply with relevant industry guidance, including the Advanced Medical Technology Association (AdvaMed) Code of Ethics on Interactions with Health Care Professionals, and consulted with their counsel to ensure that all of their interactions with physicians was ethical and legal. When Precision Lens and Paul Ehlen socialized with physicians, the physicians paid value for their travel, meals, or entertainment. When Paul Ehlen socialized with his close personal friends, regardless of their profession, he often gave gifts, and received them in return. Neither of these actions is barred by the Anti-Kickback Statute.

Many of the allegations in the Government's Complaint in Intervention are incomplete or not related to Precision Lens or Paul Ehlen. The Motion to Dismiss may dispose of some or all of the Governments claims or allegations. For any remaining after the Motion, the Government will be unable to show that Precision Lens and Paul Ehlen knowingly or willingly acted improperly; that they intended to induce or reward any person or action; or that any false claims were made on account of Precision Lens' or Paul Ehlen's actions.

(3) Statement of jurisdiction (including statutory citations):

The parties agree that this Court has jurisdiction pursuant to pursuant to 28 U.S.C. §§ 1345 and 1331. The parties agree that venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because all defendants operate and transact business in this district, PL is headquartered in Minnesota and the Relator and Ehlen lived in Minnesota during the relevant time period.

(4) Summary of factual stipulations or agreements:

The parties agree on the following points:

- The Relator, Kipp Fesenmaier, is a resident of Minnesota. He worked for approximately fifteen years in various capacities for Sightpath Medical, Inc. and its corporate predecessor, Midwest Surgical Services, Inc. Mr. Fesenmaier served as a Vice President of Sightpath for many years.
- PL is a distributor of intraocular lenses ("IOLs"), viscoelastics and other products related to ophthalmic surgeries. PL is headquartered in Bloomington, Minnesota.
- Paul Ehlen is the founder and majority owner of Precision Lens.

(5) Statement of whether a jury trial has been timely demanded by any party:

A jury trial has been demanded by both sides.

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to use the Rules of Procedure for Expedited Trials.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

The parties agree that all process has been served. Defendants filed a Motion to Dismiss on May 5, 2018. Should the Motion be denied in part or in whole, Defendants will timely file an answer. The United States does not intend at this time to amend the Complaint in Intervention, nor add additional parties.

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) within 21 days of the Rule 26(f) conference.

(2) The parties do not intend to complete any physical or mental examinations under Fed. R. Civ. P. 35.

(3) The parties must commence fact discovery procedures in time to be completed by:
   Plaintiffs' proposal: October 10, 2019
   Defendants' proposal: January 4, 2019.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

   (A) Plaintiffs propose 75 interrogatories, Defendants propose 25 interrogatories;

   (C) 80 hours of deposition time per side for factual witnesses;

   (D) 75 requests for admissions;

   (E) 0 Rule 35 medical examinations; and

(d) Expert Discovery.

(1) The parties anticipate that they will require expert witnesses at the time of trial.

   (A) The plaintiff anticipates calling 1-3 experts in the fields of data analysis, accounting or economics, or ophthalmology.

   (B) The defendant anticipates calling 1-2 experts in the fields of accounting or economics, data analysis, or ophthalmology.

(2) The parties propose that the Court establish the following plan for expert discovery:

**Plaintiffs' proposal**:

(A) Initial experts.

(i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion, and the initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be disclosed 45 days after the close of fact discovery.

(B) Rebuttal experts.

(i) The identity of any experts who may testify in rebuttal to any initial expert and any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be disclosed within 45 days of the initial expert disclosure.

(3) All expert discovery must be completed within 120 days of the close of fact discovery.

**Defendants' proposal**:

(A) Initial experts.

(i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion, and the initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be disclosed 30 days after the close of fact discovery.

(B) Rebuttal experts.

(i) The identity of any experts who may testify in rebuttal to any initial expert and any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be disclosed within 30 days of the initial expert disclosure.

(3) All expert discovery must be completed within 75 days of the close of fact discovery.

(e) Other Discovery Issues.

(1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a proposed agreed protective order.

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information. The parties will further meet and confer by October 24 to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by November 1.

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties have agreed to a claw-back procedure as set out in the Protective Order.

(4) The parties:

- agree that a party should not be required to request an informal conference with the Court before filing a discovery motion, but it is preferred for a party to request an informal conference.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by:

Plaintiffs' proposal:    April 10, 2019
Defendants' proposal: October 5, 2018.

(2) Motions seeking to amend the pleadings must be filed and served by:

Plaintiffs' proposal:    May 10, 2019
Defendants' proposal: November 2, 2018.

(3) All other non-dispositive motions must be filed and served by:

Plaintiffs' proposal:    close of expert discovery
Defendants' proposal:  February 25, 2019.

(4) All dispositive motions must be filed and served by:

Plaintiffs' proposal:    45 days after the close of expert discovery
Defendants' proposal:  February 1, 2019.

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after:

Plaintiffs' proposal:    April 1, 2020
Defendants' proposal: March 1, 2019.

(2) The parties propose that the final pretrial conference be held on or before:

Plaintiffs' proposal:    March 25, 2020

    Defendants' proposal: February 25, 2019.

(h) Insurance Carriers/Indemnitors.

    Each defendant is self-insured.

(i) Settlement.

    (1) The parties will discuss settlement before or at the Rule 26(f) meet-and-confer and each party will mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believe an early settlement conference would be productive..

    (2) The parties propose that a settlement conference be scheduled to take place within 14 days after the close of fact discovery.

(j) Trial by Magistrate Judge.

    The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Dated: October 3, 2018
    s/ Chad A. Blumenfield
    Chad A. Blumenfield
    Assistant U.S. Attorney (#387296)
    Bahram Samie
    Assistant U.S. Attorney (#392645)
    600 U.S. Courthouse
    300 South Fourth Street
    Minneapolis, MN 55415
    Telephone: (612) 664-5600
    Fax: (612) 664-5788

    **ATTORNEYS FOR PLAINTIFF**
    **UNITED STATES OF AMERICA**

Dated: October 3, 2018
    s/ Jennifer M, Verkamp
    Jennifer M. Verkamp
    Frederick M. Morgan, Jr.
    **MORGAN VERKAMP LLC**
    Suite 600
    35 East Seventh Street
    Cincinnati, OH 45202

Telephone: (513) 651-4400

Susan M. Coler
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Fax: (612) 605-4099

**ATTORNEYS FOR RELATOR
KIPP FESENMAIER**

Dated: October 3, 2018       s/ Thomas Beimers
Thomas Beimers (MN #0394812)
Matthew Piehl (MN #0395942)
**HOGAN LOVELLS US LLP**
80 South Eighth Street
Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3000
Fax: (612) 339-5167

**ATTORNEYS FOR THE
CAMERON-EHLEN GROUP, INC.,
d/b/a PRECISION LENS**

Dated: October 3, 2018       s/ Joseph T. Dixon
Joseph T. Dixon, III (MN #0283903)
Mary Fee (MN # pending)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000

        Minneapolis, MN 55402-1425
        Telephone: (612) 492-7000
        Facsimile: (612) 492-7077
        jdixon@fredlaw.com
        mfee@fredlaw.com

**ATTORNEYS FOR PAUL EHLEN**