IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-CV-3003 WMW/DTS

| | |
|---|---|
| United States of America,<br>Ex rel. Kipp Fesenmaier,<br><br>    Plaintiffs,<br><br>    v.<br><br>The Cameron-Ehlen Group, Inc.,<br>dda Precision Lens, and<br>Paul Ehlen,<br><br>    Defendants. | **STIPULATED PROTECTIVE ORDER** |

It is ordered that the following terms and provisions will govern the production and use of certain documents, information, and evidence ("Produced Material") to be produced by the parties or any third party in connection with the above-captioned action:

1.    "Covered Information" is that Produced Material which one or more of the parties reasonably believes in good faith constitutes either (a) personal health or personal financial information of individuals, or personal information contained in an employee's personnel file; and/or (b) trade secret or other confidential research, development, or commercial information (such as customer/client lists or agreements with medical or other service providers) subject to confidential treatment under Fed. R. Civ. P. 26(c)(1)(G). Covered Information expressly includes "protected health information," produced by any "covered entity," as defined by HIPAA's Privacy Rule. *See* 45 C.F.R. § 160.103; 45 C.F.R. § 164.501. Pursuant to the HIPAA Privacy Rule, a covered entity is permitted to disclose protected health information in the course of a judicial proceeding if

1

certain "satisfactory assurances" are received. This Protective Order hereby provides any covered entity compelled to produce documents in this litigation with the requisite satisfactory assurances under HIPAA. *See* 45 C.F.R. § 164.512(e)(1)(iv). In accordance with the HIPAA Privacy Rule, this Protective Order allows for the disclosure and receipt of a patient's protected health information, in the possession of a covered entity, for the limited purpose of this litigation, including at depositions, hearings, or other judicial proceedings in this litigation. In accordance with the HIPAA Privacy Rule, this Protective Order specifically prohibits the parties from using or disclosing the protected health information for any purpose other than this litigation for which such information was requested. 45 C.F.R. § 164.512(e)(1)(v)(A). Also in accordance with the HIPAA Privacy Rule, the protected health information disclosed to any persons listed in Paragraph 4 of this Protective Order, including all copies made, shall be destroyed at the conclusion of this litigation as provided herein. 45 C.F.R. § 164.512(e)(1)(v)(B).

This Order also permits and authorizes the parties to disclose individually identifying health, personal and financial information of nonparty patients during discovery in this case. The Court further finds that it is not possible to identify and contact all nonparty patients whose names or other personal, identifying information may be produced and that removal or deletion of all such information is not practical or feasible. Therefore, the Court hereby authorizes and ORDERS, to the extent a court order is necessary under state law, that the parties are permitted to disclose individually identifying health, personal, and financial information, records and data regarding

nonparty patients during discovery in this case, including information otherwise privileged or confidential under state law.

2. All documents containing Covered Information shall be clearly labeled "Confidential, Subject to Protective Order" by the party producing the information.

3. Testimony at a deposition or hearing concerning Covered Information may be designated as subject to this Protective Order by an appropriate statement at the time of the giving of such testimony or after the deposition, by promptly notifying the parties and those who were present at the deposition. All copies of portions of transcripts that contain material designated as Covered Information shall be marked prominently "Confidential" on the cover thereof. No testimony shall be deemed subject to this Protective Order unless specifically designated as such. Any party's designation of testimony as Covered Information shall be limited to only that part of the testimony that it in good faith and reasonably believes is protected by federal or state law or is otherwise confidential and/or proprietary.

4. The parties and counsel for the parties shall not disclose or permit the disclosure of any Covered Information to any person to anyone other than those persons listed in subparagraphs (a) through (i) below. If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it. Disclosure of Covered Information to these individuals may only be made in accordance with the provisions of this Protective Order:

    a. The parties to this litigation, including their current or former officers, directors, agents, employees, and consultants;

 b. Counsel of record and associated counsel and employees or agents of counsel of record or associated counsel;

 c. Court reporters, stenographers, or video operators at depositions, court, or arbitral proceedings at which Covered Information is disclosed;

 d. Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Covered Information, to the extent reasonably necessary to assist the other persons identified in this Paragraph;

 e. Deponents and other persons providing testimony in this matter and their counsel, if any;

 f. Any person who authored, received, or who otherwise has already been provided access to the Covered Information in the ordinary course of business;

 g. Independent experts and consultants retained by counsel of record to assist them in connection with this action;

 h. Such other persons as the parties may mutually agree upon in writing; and

 i. The Court, whether in a letter, affidavit, brief, memorandum or other filed paper, or whether orally in a hearing.

5. Use of a Confidential Document in Court.

 a. Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with

LR 5.6.  The filing of documents under seal shall be without prejudice to the Party's rights under Section 10 of this Order.

b. Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

6. Prior to disclosing Covered Information to those individuals listed in subparagraphs g and h above, the parties shall obtain a signed agreement from the party to whom the Covered Information is to be disclosed in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *United States of America, ex rel. Kipp Fesenmaier v. The Cameron-EhlenGroup, Inc, dba Precision Lens and Paul Ehlen Civil No. 13-CV-3003 (WMW/DTS)* in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
> I declare under penalty of perjury that the foregoing is true and correct.

Such agreement shall be retained by counsel throughout the course of the action, including any appeals.

7. Covered Information may be used by the parties solely for the prosecution or defense of the claims in this action and shall not be used for any other purpose, including without limitation any business, commercial, competitive, or personal purpose,

and shall not be used in any lawsuit, claim, or cause of action other than in this case, and shall not be disclosed except as provided in this Protective Order.

8. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential, Subject to Protective Order", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents with the exception of any Archived Materials and attorney work product with embedded Covered Information. "Archived Materials" refers to data that has been determined as no longer actively used and has been moved to a separate storage device for long-term retention. Attorneys may retain a set of pleadings and documents filed with the Court, written discovery or other pleadings served by either party on the other party, all transcripts, and all correspondence, all consultant or expert reports, and all work product generated in connection with the action. All Covered Information retained for any reason will continue to be subject to this Order.

9. Restrictions and obligations set forth herein relating to Covered Information shall not apply to any material which: (a) is already public knowledge; or (b) the producing party agrees, or the Court rules, has become public knowledge other than as a result of disclosure by the party receiving the Covered Information.

10. In the event that any party believes that any Covered Information is not confidential or proprietary and, therefore, should not be subject to this Protective Order, the party shall, within a reasonable amount of time of the party's receipt or potential use of the document marked "Confidential, Subject to Protective Order" state the grounds for

the objection in writing and serve it on the producing party. The objecting party shall thereafter try to resolve such disputes in good faith on an informal basis with the producing party. In the event the dispute cannot be resolved informally within fourteen (14) days after the designating party's receipt of the notice, the designating party may file an appropriate application with the Court requesting that the designated material be treated as subject to this Protective Order. The party making the designation shall have the burden of proving that the material should be treated as designated. During the pendency of any motion to reclassify materials that have been designated as "Confidential, Subject to Protective Order," the parties shall adhere to the previously designated classification. However, if no motion is filed within fourteen (14) days of the receipt of the notice of objection, the designated material shall no longer be treated as subject to this Protective Order.  This provision does not apply to confidentiality designations based on protected health information.

    11.    Nothing herein shall be construed as a restriction on the use or disclosure outside of this litigation of its own information by the party producing or supplying the information.

    12.    This Protective Order is without prejudice to the right of any party or nonparty to argue that certain information designated as Covered Information: (a) should not be subject to this Protective Order; (b) is not relevant to any issue in this case; or (c) otherwise should not be admitted as evidence in the case. By entering into this stipulation, no party concedes that any information produced in this litigation does in fact contain protected health information, confidential information or proprietary information. A party

or non-party who discloses or produces a confidential document not designated as confidential may, within 14 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential. Documents containing confidential health information that were not designated as confidential may be reproduced and designated as confidential at any time.

13. The inadvertent disclosure of any material subject to a claim that they are protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection against discovery shall be governed by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5).

14. A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

15. Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

16. This Protective Order may be amended only by leave of the Court.

17. Notwithstanding any of the non-disclosure obligations set forth in this Protective Order, such obligations shall not extend to any material required to be produced by an appropriate subpoena, court order, a regulatory agency, or otherwise by law. To the extent that the information subpoenaed includes protected health information, the parties understand that disclosure of protected health information must comply with the HIPAA Privacy Rule and state law. Should a party or its counsel be served with a

subpoena or other notice seeking disclosure or production of Covered Information, including protected health information, that party shall give notice to counsel for the other party promptly and in writing, sufficiently in advance of the requested production date to allow the counsel for the party or such other interested person or entity an opportunity to object to the requested production.

18.	Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated Confidential documents relating to any potential violation of law or regulation, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such documents by an agency in any proceeding relating to any potential violation of law or regulation; provided, however, that the agency shall maintain the confidentiality of the designated documents consistent with the terms of this Protective Order.

19.	Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

20. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to produce designated Confidential documents to a third party that are otherwise subject to disclosure in response to a request pursuant to the Freedom of Information Act. Prior to any such disclosure of such documents, the United States shall specifically consider the applicability of the Freedom of Information Act to the documents in light of § 552(b)(6) of that Act.  If the United States does not intend to object to disclosure pursuant to the Freedom of Information Act, it will promptly notify the party that originally produced the documents and allow the producing party ten (10) days to file an objection prior to producing the requested documents pursuant to the Freedom of Information Act.

21. Any allegations regarding violation of this Protective Order shall be submitted to the Court for adjudication.

IT IS SO ORDERED.

Date: October 23, 2018

*David T. Schultz*
David T. Schultz
United States Magistrate Judge