UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, ex rel., et al., | Case No. 13-cv-3003 (WMW/DTS) |
| Plaintiffs, | |
| v. | **ORDER** |
| Cameron-Ehlen Group, Inc., et al., | |
| Defendants. | |

___

## INTRODUCTION

Plaintiffs request a 90-day extension of all remaining deadlines in the Pretrial Scheduling Order, including the trial ready date. Defendants oppose, arguing that Plaintiffs have not diligently pursued discovery and any enlargement of time would prejudice Defendants. Because good cause exists to amend the Scheduling Order, Plaintiffs' request is granted.

## FACTS

In October 2018, this Court issued a Pretrial Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b). Docket No. 151. Per the Order, the parties must complete fact discovery by June 30, 2019 and expert discovery by September 30, 2019. *Id.* at 2. The Order also set dates for filing and serving non-dispositive and dispositive motions, and set a "trial ready date" of March 1, 2020. *Id.* at 2-4.

Since the Scheduling Order issued, the discovery process has been interrupted on several occasions. Each side has sought to compel responses to their discovery requests, and the Government's attorneys were briefly furloughed. More recently, Defendants have sought to extend the time for a third party to respond to Plaintiffs' subpoena. Mot. to Extend Return Date of Subpoena, Docket No. 254. Plaintiffs

represent that they are currently working through third party discovery from the various physicians connected to the alleged kickbacks and are encountering issues scheduling the physicians' depositions. Partially due to the bogging down of the discovery process, the Court has begun to hold monthly status conferences with the parties.

## ANALYSIS

Citing the impracticability of meeting the current discovery deadlines, and recognizing that any change in the discovery dates would create a ripple effect, Plaintiffs asks the Court to extend the deadline for fact discovery until October 17, 2019, and extend all remaining deadlines by ninety days. The Court may, for good cause, modify the Scheduling Order. Fed. R. Civ. P. 16(b)(4).[1] "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Although the good cause analysis emphasizes diligence, "there is not a clear test for when a party is diligent enough to establish good cause[,]" and the district court retains broad discretion. *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019) (quoting *Portz v. St. Cloud State Univ.*, No. 16-cv-1115 (JRT/LIB), 2017 WL 3332220, at 3-4 (D. Minn. Aug. 4, 2017)).

---

[1] Plaintiffs rely upon Rule 6(b) of the Federal Rules of Civil Procedure to seek the modification as a request, rather than a motion. This reliance is unnecessary, as Rule 16, which governs scheduling orders, already countenances amendment without formal motion. Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment ("After consultation with the attorneys for the parties and any unrepresented parties—a formal motion is not necessary—the court may modify the schedule . . . ."). Because they requested every deadline be extended by three months, the Plaintiffs request is best understood as a *modification* of the scheduling order, not an enlargement of time to complete "an act." *See* Fed. R. Civ. P. 6(b)(1). Indeed, even when a plaintiff seeks to amend a complaint after the time set by the scheduling order to do so has passed, the plaintiff must satisfy Rule 16, not Rule 6. *Shank*, 329 F.R.D. at 613 n. 2.

Even when satisfied of a party's diligence, the Court may consider possible prejudice to the nonmovant. *Id.*

Plaintiffs have demonstrated good cause to extend the deadlines of the Scheduling Order. Although not always at the pace Defendants would like, Plaintiffs have actively pursued discovery since the Scheduling Order was issued. The Court cannot hold against either party the time expended bringing good faith discovery disputes for resolution, including disputes that have required *in camera* review. Nor can it say Plaintiffs were dilatory in meeting discovery deadlines based upon the Government's—admittedly significant—delay in intervening in this matter, as there were not yet discovery deadlines with which Plaintiffs could comply. Further, the remaining discovery is not reasonably likely to be completed by the current June deadline, irrespective of Plaintiff's diligence. This Court continues to conduct *in camera* review of potentially responsive but allegedly privileged documents. Defendants recently filed a new motion to modify the time for a third party to respond to Plaintiffs' subpoena, which must now be resolved. Perhaps most obviously, the parties have numerous physician depositions left to take, each of which requires coordinating between themselves and with busy physicians who may not be readily available.

Moreover, the Court cannot find that any prejudice to the Defendants outweighs good cause already shown. Defendants' primary concern is that, as long as this matter is ongoing, it hangs overhead like the Sword of Damocles, threatening both business and personal relationships. This point is well taken, but it is afield of the concerns of prejudice generally found in the caselaw, which tend to home in on the prejudicial effects *within* the litigation. *See, e.g.*, *Hagen v. Siouxland Obstetrics & Gynecology, P.C.*, 286 F.R.D. 423 (N.D. Iowa 2012) (finding defendant's request to extend discovery

would prejudice plaintiff, as dispositive motions had already been filed and plaintiff had not contributed to need for extension). Perhaps recognizing this, Defendants argue the prejudice of any extension would stem from a violation of Rule 1's mandate of a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. But this principle can only be viewed in light of the facts of the individual case. Defendants rely too heavily on the time this case remained under seal because of a separate—though intertwined—criminal investigation. Any actual prejudice to Defendants from this extension is mitigated by the more active role the Court has begun to take in the discovery process, which is meant to ensure that this is the last extension necessary.

## ORDER

Based upon the foregoing, and upon all the files, records and proceedings, IT IS HEREBY ORDERED that:

1. Plaintiffs' Request to Extend Remaining Deadlines [Docket No. 244] is GRANTED.
2. The remaining deadlines set in this Court's Pretrial Scheduling Order [Docket No. 151] are AMENDED as follows:
    a. Fact discovery shall be completed on or before October 17, 2019.
    b. All other remaining deadlines shall be extended by 90 days from the date provided in the PTO.
    c. The case shall be ready for trial on or before June 1, 2020.

Dated: April 30, 2019

                                             s/ David T. Schultz
                                             DAVID T. SCHULTZ
                                             United States Magistrate Judge