UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civ. No. 13-3003 (WMW/DTS)

United States of America,
*ex rel.* Kipp Fesenmaier,

    Plaintiffs,

v.

The Cameron-Ehlen Group, Inc.,
DBA Precision Lens, and Paul Ehlen,

    Defendants.

**DECLARATION OF DAVID M. GENRICH**

DAVID M. GENRICH, for his declaration pursuant to 28 U.S.C. § 1746, states as follows:

1. I am an adult, competent, and have personal knowledge of the facts herein.

2. I graduated from law school in 1995. Following a federal clerkship, I worked for approximately three years as a litigation associate at Dorsey & Whitney LLP in Minneapolis. In 1999, I joined the Hennepin County Attorney's Office as an Assistant County Attorney in the Criminal Division. I worked in that Office as a felony prosecutor for approximately four years on homicide, sexual assault, domestic violence, and other criminal cases.

3. In 2003, I joined the United States Attorney's Office for the District of Minnesota ("USAO") as an Assistant United States Attorney in the Criminal Division. I was initially assigned to the major crimes section and worked primarily on Indian

Country, firearm, bank robbery, immigration, and other general federal criminal matters.

4. After several years, I joined the Office's financial crimes section, which focused on the investigation and prosecution of white-collar cases. In my years in that section, I oversaw financial crimes investigations and prosecuted financial crimes matters. I also served as the Office's point of contact, internally and for law enforcement, on health care fraud matters.

5. In 2015, I joined the Office's Appellate Division, and I continue to serve in that capacity today. I am responsible for the briefing and arguing of matters before the Eighth Circuit and assisting my colleagues on issues arising in district court and on appeal.

6. In or about October 2010, the FBI and the Department of Health and Human Services contacted the United States Attorney's Office regarding an investigation into alleged kickbacks provided by Precision Lens, Paul Ehlen, and others. The matter was opened as a criminal matter by the financial crimes section chief in October 2010. I was assigned to it as an AUSA working on, among other things, health care fraud matters.

7. In February 2013, law enforcement contacted Mr. Ehlen and others for the purpose of interviews. Following the contacts, attorney Thomas Beimers contacted law enforcement and stated he had been retained by Precision Lens in connection with the investigation. Mr. Beimers sought coordination with him before seeking any

additional interviews with Precision Lens' employees or any documents or other materials from the company.

8. I have reviewed the summary of the phone call found in paragraph 6 of Mr. Beimers' Declaration. Mr. Beimers states that he informed me he represented Precision Lens and requested that any communications with Precision Lens or its employees come through him. I have no independent recollection of the phone call or of Mr. Beimers requesting during the call that any communications with Precision Lens or its employees come through him, but I have no reason to dispute it.

9. I do not construe Mr. Beimers' Declaration as asserting I consented to a request that any communications with Precision Lens or its employees go through him. I would not have and did not agree that any communications with Precision Lens or its employees would go through Mr. Beimers.

10. By the last week of February 2014 or early March 2014, I was informed that the FBI's cooperating source had filed a qui tam action under seal containing allegations that were the same or substantially similar to the allegations under investigation.

11. In the last week of February 2014 or early March 2014, I was informed of a proposed contact to be made by the source-relator with Precision Lens executive(s) about a potential consultant opportunity and that the proposed contact may include discussion about events under criminal and civil investigation.

12. On March 3, 2014, AUSA Chad Blumenfield and I consulted with the Department of Justice's Professional Responsibility Advisory Office about the investigation.

13. The USAO spent considerable time reviewing and assessing the documents obtained from Sightpath and Precision Lens.

14. In the spring of 2015, in light of my move to the Office's Appellate Division, AUSA John Kokkinen took over from me the criminal matter related to Precision Lens, Paul Ehlen, and others.

15. I have not listened to the recordings.

16. I do not believe I have ever met or had any contact with the source-relator or his counsel.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Dated: September 30, 2019

/s/ David M. Genrich
David M. Genrich
Assistant United States Attorney
Attorney ID 0281311