**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, ex rel., et al., | Case No. 13-cv-3003 (WMW/DTS) |
| Plaintiffs, | **ORDER** |
| v. | |
| Cameron-Ehlen Group, Inc., et al., | |
| Defendants. | |

_____

Plaintiffs request a 45 day extension of the remaining deadlines in this case. They "do not require the extension to complete discovery generally," but to comport with this Court's April 2, 2019 Order requiring the Plaintiffs to supplement their response to Defendants' Interrogatory No. 1 no later than 45 days before the close of discovery. Pl.'s Req. to Extend Remaining Deadlines 14, Dkt. No. 323. Because, absent the requested extension, fact discovery closes Thursday, October 17, the deadline to supplement was September 3. The requested extension would move the supplementation deadline to October 17.

The present request to extend the fact discovery deadline sits at the intersection of Rules 16 and 26. Because they seek an extension of deadlines in the pretrial scheduling order, Plaintiffs must demonstrate good cause. Fed. R. Civ. P. 16(b); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008). Even then, prejudice to the opposing party and other considerations may affect the decision to grant or deny an extension. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Here, Plaintiffs have diligently attempted to comply with the deadlines set by the Court for a process that is time consuming and reliant upon data from third parties. As the Plaintiffs have explained, this process requires them to match Medicare claims

submissions data to various lens manufacturers' sales data. Some of this matching can be done electronically; other matching must be done manually. It has been a lengthy and laborious process. The Court is satisfied that Plaintiffs have worked diligently to meet the Court's April 2, 2019 Order and have in fact substantially complied with that Order. Likewise, from the perspective of fact discovery, Defendants have not established that their completion of fact discovery is prejudiced by allowing limited additional time for strict compliance with the April 2, 2019 Order.

However, Plaintiffs only seek the extension because a separate, Court-imposed deadline to supplement the identification of all alleged false claims is pegged to the close of fact discovery. A party has a general duty under Rule 26 to supplement in a timely manner its response to a discovery request if it learns that that the response is materially incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). Acting upon its broad authority to control the discovery process, this Court set the original deadline for this supplementation to provide Defendants' sufficient time for fact discovery on the alleged false claims and their valuation.

Rather than granting 45 more days of fact discovery Plaintiffs concede they do not need—and so also push all remaining deadlines back another 45 days—Plaintiffs shall have until October 31, 2019 to supplement their response to Defendants' Interrogatory No. 1. This additional time reflects the diligent work Plaintiffs have performed in identifying the claims they allege to be false and ensures they are not "boxed in" to only those claims they knew about when discovery was ongoing. At the same time, Defendants will have two full months to evaluate the information during the expert discovery phase.

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' Request to Extend Remaining Deadlines (Dkt. No. 323) is DENIED.

2. Plaintiffs shall supplement the response to Defendants' Interrogatory No. 1 no later than October 31, 2019.

3. The remaining deadlines in this matter are as follows:

   a. Fact discovery shall be completed on or before October 17, 2019;

   b. Expert identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by the party with the burden of proof shall be made on or before October 29, 2019;

   c. Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures in rebuttal shall be made on or before November 28, 2019;

   d. All expert discovery, including expert depositions, must be completed by December 30, 2019;

   e. All non-dispositive motions related to fact discovery must be filed and served by November 28, 2019;

   f. All other non-dispositive motions, including motions related to expert discovery, must be filed and served by January 29, 2020;

   g. All dispositive motions shall be filed, served, and scheduled on or before January 29, 2020;

   h. The case shall be ready for trial on June 1, 2020.

Dated: October 16, 2019

                                                                 s/ David T. Schultz
                                                                 DAVID T. SCHULTZ
                                                                 United States Magistrate Judge