UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, *ex rel.* Kipp Fesenmaier, | Case No. 13-cv-3003 (WMW/DTS) |
| Plaintiffs, | |
| | **ORDER** |
| v. | |
| The Cameron-Ehlen Group, Inc., and Paul Ehlen, | |
| Defendants. | |

Plaintiff United States of America appeals the September 12, 2019 Order of United States Magistrate Judge David T. Schultz. (Dkt. 317.) For the reasons addressed below, the September 12, 2019 Order is affirmed.

## BACKGROUND[1]

Relator Kipp Fesenmaier filed a *qui tam* complaint in November 2013 against, among others, Defendants The Cameron-Ehlen Group, Inc., doing business as Precision Lens (Precision Lens), and Paul Ehlen, the founder and majority owner of Precision Lens. After investigating Fesenmaier's complaint, the United States elected to intervene in this case in August 2017. The United States subsequently filed an intervenor complaint (complaint) against Precision Lens and Ehlen on February 8, 2018. The complaint alleges that Precision Lens and Ehlen provided kickbacks to physicians in violation of the Anti-

---

[1] This Court's prior orders provide a detailed factual and procedural summary. Accordingly, the Court refers to the procedural history and facts pertaining to this litigation only as relevant to this appeal.

Kickback Statute, 42 U.S.C. § 1320a-7b(b). According to the complaint, as a result of those kickbacks, false and fraudulent claims for payment were made to federal health care programs, including Medicare, in violation of the False Claims Act (FCA), 31 U.S.C. § 3729(a)(1), (a)(2). The complaint also alleges common-law claims for unjust enrichment and payment by mistake.

On August 12, 2019, Defendants served a deposition notice on the United States pursuant to Rule 30(b)(6), Fed. R. Civ. P., identifying four deposition topics. Only the third topic in Defendants' deposition notice is relevant to this appeal:

> For each claim identified as false by the government, the factual basis and methodology for the United States of America's determination that the claim resulted from the alleged kickback[.]

The United States objected and refused to provide a witness to testify as to this topic.

The magistrate judge held a discovery conference on September 12, 2019. At that hearing, Defendants argued that the third topic in their deposition notice seeks to discover what facts and methodologies the United States relies on to conclude (1) that particular surgeries occurred *because of* a kickback and (2) a particular physician would not have chosen to use Defendants' product *but for* the kickback. The United States countered that the foregoing causation questions are inconsistent with the relevant legal standard in a False Claims Act case. Instead, the United States argued, "[t]he standard is that once there is a kickback, that kickback taints claims going forward." Under this legal standard, the United States asserted, it need only show that a physician received a kickback and subsequently submitted a claim to Medicare during the "taint period." According to the United States, the presumptive taint period is one year.

2

In response, Defendants argued that, if the United States is relying solely on a legal presumption, it can respond as such to the deposition topic; but if the United States is relying on any factual basis, it should be required to produce a witness to testify about that factual basis. In particular, Defendants asserted: "If they're going to contend that there's factual causation support, then we get to ask about it. And if it's their position that that's irrelevant and they don't have it, then fine, they just need to tell us that definitively and we'll move on." Defendants stated their position that, if the United States is relying on any factual basis for its causation or taint-period determinations, those facts should be made known to Defendants. And if the United States is not relying on any as-yet undisclosed facts, the United States should be required to confirm that to foreclose the use of such evidence at the dispositive-motion or trial stages of this case.

At the end of the September 12, 2019 hearing, the magistrate judge issued the following ruling with respect to the third topic in Defendants' deposition notice:

> On topic number three I am going to order the government to provide a clear, written statement that addresses the following two matters:
>
> > [1] Is the government aware of any evidence of actual causation of additional surgeries or use of the defendant's products that is separate and apart from any deposition testimony taken to date? In other words, clearly state whether you have evidence that there's such causation and if you do, then I'm going to allow a deposition about that topic.
> >
> > [2] In addition, the government will provide a statement of why it has chosen a taint period of one year and what factors it relies on when it finds the taint period to be greater than one year.

The United States now appeals this ruling.

**ANALYSIS**

A district court applies an "extremely deferential" standard of review to a magistrate judge's ruling on a nondispositive issue. *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). In doing so, a district court will modify or set aside a ruling only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A ruling is clearly erroneous when, although there is evidence to support the ruling, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A ruling is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

The United States first argues that the magistrate judge's ruling essentially requires a contention deposition that, according to the United States, is "inefficient, disruptive, and highly disfavored by courts." The United States relies on no case law from within the Eighth Circuit in support of this argument, let alone any binding authority. But even if the United States were correct that the magistrate judge's ruling results in an outcome that is "inefficient, disruptive, and highly disfavored by courts," none of these facts establishes that the ruling is clearly erroneous or contrary to law. The United States's argument is unavailing.

The United States also argues that the magistrate judge's ruling is clearly erroneous because it is based on a causation standard that is inapplicable in this case. "Parties may

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Although "[b]road discovery is an important tool for the litigant," *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015) (internal quotation marks omitted), a district court has the discretion to limit discovery if the court determines that the burden of the discovery sought outweighs its benefit, *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003). And courts have "considerable discretion in determining the need for, and form of, discovery." *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 120 F. Supp. 3d 942, 949 (D. Minn. 2015).

The Anti-Kickback Statute provides that "a claim that includes items and services *resulting from* a violation of this section constitutes a false or fraudulent claim." 42 U.S.C. § 1320a-7b(g) (emphasis added). As such, the parties do not dispute that there is a causation element that the United States must prove. The parties disagree, however, as to the precise causation standard that the United States will be required to meet to prove the alleged violations in this case. For the purpose of this appeal, the Court need not resolve this dispute about the proper causation standard. As the magistrate judge observed, Defendants' third deposition topic may lead to relevant and discoverable information even if that information is not dispositive. Indeed, discoverable information need not be admissible in evidence. Fed. R. Civ. P. 26(b)(1). Moreover, the magistrate judge's ruling is, at least in part, consistent with the causation standard that the United States argues is

5

the correct standard.  For all of these reasons, the United States's argument on this basis is unavailing.

Because the magistrate judge's ruling pertaining to the third topic in Defendants' deposition notice is neither clearly erroneous nor contrary to law, this aspect of the September 12, 2019 Order is affirmed.

## ORDER

Based on the foregoing analysis and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that the September 12, 2019 Order of United States Magistrate Judge David T. Schultz, (Dkt. 317), is **AFFIRMED**.


Dated:  December 13, 2019                                s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge