UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, ex rel. Kipp Fesenmaier, | Case No. 13-cv-3003 (WMW/DTS) |
| Plaintiffs, | **ORDER** |
| v. | |
| The Cameron-Ehlen Group, Inc. and Paul Ehlen, | |
| Defendants. | |

Before the Court is non-party Jitendra Swarup, M.D.'s motion to quash or modify the United States' subpoena to appear and testify at trial. (Dkt. 816). For the reasons addressed below, the Court denies the motion.

## BACKGROUND

In 2013, Relator Kipp Fesenmaier filed this qui tam action against Sightpath Medical, Inc. (Sightpath), TLC Vision Corporation, the Cameron-Ehlen Group, Inc., doing business as Precision Lens (Precision Lens) and Paul Ehlen, alleging an illegal financial relationship between defendants and their referral sources that caused the submission of false claims for payment to federally-funded health care programs in violation of the False Claims Act (FCA). Two years later, Fesenmaier filed an amended complaint, adding a number of doctors as defendants, including Dr. Swarup. Dr. Swarup subsequently entered into a settlement agreement with Fesenmaier and the United States and was dismissed from this lawsuit with prejudice in March 2018. As part of the settlement agreement, Dr. Swarup

agreed to "cooperate fully and truthfully with the United States' investigation of individuals and entities" not released in the settlement agreement.

Prior to Dr. Swarup's deposition in June 2019, the United States reserved its right to have Dr. Swarup testify at trial. In response, counsel for Dr. Swarup informed the United States and remaining defendants Precision Lens and Ehlen (collectively, Defendants), that counsel had no intention of voluntarily producing Dr. Swarup at trial. Dr. Swarup's counsel told all parties to proceed as if Dr. Swarup's deposition were a trial deposition. Both Plaintiffs and Defendants deposed Dr. Swarup. In June 2019, the United States issued a trial subpoena to Dr. Swarup, which, if valid, would require him to travel from his residence in Suffolk, Virginia, in St. Paul, Minnesota for trial.

Dr. Swarup now moves to quash or modify the United States' trial subpoena. Defendants assert that, while they disagree with Dr. Swarup's assertion that a person properly served with a subpoena under 31 U.S.C. § 3731(a) can rely on Rule 45(c), Fed. R. Civ. P., to refuse to comply with the subpoena, Defendants do not otherwise oppose Dr. Swarup's motion to quash. The United States, however, opposes Dr. Swarup's motion and asks the Court to enforce the subpoena compelling Dr. Swarup's attendance at trial

## ANALYSIS

Dr. Swarup's motion presents two issues for the Court's consideration. First, whether a person properly served with a trial subpoena pursuant to 31 U.S.C. § 3731(a) quash that subpoena using the 100-mile travel limitation set forth in Rule 45(c), Fed. R. Civ. P. Second, even if such a subpoena is otherwise proper, whether compliance with the

2

subpoena poses an undue burden for Dr. Swarup that merits quashing the subpoena. The Court addresses each issue in turn.

> I. **Validity of the United States' Subpoena Under the Federal Rules of Civil Procedure and the False Claims Act**

To resolve Dr. Swarup's motion, this Court must first determine whether the United States' subpoena is proper under 31 U.S.C. § 3731(a) in light of the 100-mile travel limitation set forth in Rule 45(c), Fed. R. Civ. P.

Rule 45(c) provides that a subpoena may command appearance of a non-party at trial only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c). Section (d)(3)(A)(ii) of Rule 45 requires that a district court quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." *Id.* at 45(d)(3)(A)(ii). However, Rule 45 is subject to exceptions. As explained in Rule 81(a)(5), Fed. R. Civ. P., the federal rules apply to subpoenas to compel testimony "*except as otherwise provided by statute*, by local rule, or by court order in the proceedings." Fed. R. Civ. P. 81(a)(5) (emphasis added).

Dr. Swarup and the parties dispute whether the subpoena provision in the FCA constitutes an exception to the general 100-mile geographic limitation in Rule 45. The FCA provides that a "subpoena requiring the attendance of a witness at a trial or hearing conducted under section 3730 of [the FCA] may be served at any place in the United States." 31 U.S.C. § 3731(a). And the vast majority of courts to have considered Section 3731(a) have held that this statute grants nationwide subpoena power in FCA cases. *See e.g.*, *United States ex rel. Hockaday v. Athens Orthopedic Clinic, P.A.*, No. 3:15-cv-122

(CDL), 2022 WL 15092294, at *2 (M.D. Ga. Oct. 26, 2022) (observing that "Rule 45's geographical limits do not apply to a subpoena issued under § 3731(a); the only limitation is Rule 45's undue burden rule); *United States ex rel. Marsteller v. MD Helicopters, Inc.*, No. 5:13-cv-08300-AKK, 2021 WL 7907339, at *1 (N.D. Ala. Sept. 9, 2021) (holding that the FCA's nationwide service provision "gives the court the power to compel the attendance of witnesses even if they fall outside of Rule 45(c)'s 100-mile radius"); *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. 9:14-cv-230-RMG, 2017 WL 5624254, at *1 (D.S.C. Nov. 21, 2017) (collecting cases).

Dr. Swarup argues that, because the United States' subpoena is invalid under the text of Rule 45, the subpoena should be quashed or modified. But, as other courts have explained, language similar to the language used in Section 3731(a) is understood to authorize compulsory subpoena power nationwide. *See United States v. Wyeth*, Nos. 03-12366-DPW, 06-11724-DPW, 2015 WL 8024407, at *3 (D. Mass. Dec. 4, 2015) (explaining that even though certain statutes only speak of the "service" or "issuing" of a subpoena, these parallel statutes also authorize nationwide *enforcement* of subpoenas). For example, the text in Section 3731(a) closely tracks the text in Rule 17(e), Fed. R. Crim. P., which is well-established as a provision that authorizes nationwide enforcement of subpoenas in criminal proceedings. *Id.* at *2; *compare* 31 U.S.C. § 3731(a) (stating a subpoena "requiring the attendance of a witness at a trial . . . may be served at any place in the United States") *with* Fed. R. Crim. P. 17(e) (stating a subpoena "requiring a witness to attend a hearing or trial may be served at any place within the United States.") Because

such language in commonly understood to encapsulate both nationwide service and nationwide subpoena power, the Court is not persuaded by Dr. Swarup's textual arguments.

Dr. Swarup also contends that reading Section 3731(a) to override the 100-mile travel limitation in Rule 45(c) is inconsistent with the purpose of the FCA's subpoena provision, because when Section 3731(a) was enacted, Rule 45 did not yet permit nationwide service of subpoenas. The United States disagrees, citing specific legislative history to demonstrate that one reason Congress enacted Section 3731(a) was to address concerns that the government is "severely restricted in obtaining trial witnesses for false claims litigation by . . . the limited subpoena power under Rule 45." H.R. Rep. No. 95-1447 (1978). Given the text of Section 3731(a), which permits a party in an FCA case to serve subpoenas "requiring the attendance of a witness at trial," along with its legislative history, the United States' interpretation of Section 3731(a) comports with the provision's intended purpose and, therefore, constitutes the better reading of Section 3731(a).

Finally, Dr. Swarup asserts that the Rules Enabling Act applies, and therefore Rule 45 supersedes Section 3731(a). *See* 28 U.S.C. § 2072(a). But, as Dr. Swarup concedes, the rule and statute at issue must "conflict[] irreconcilably" for the Rules Enabling Act to apply. *Henderson v. United States*, 517 U.S. 654, 663 (1996). Here, no such conflict exists. Indeed, Rule 81(a)(5) expressly permits Rule 45 to be superseded as provided by a statute. *See* Fed. R. Civ. P. 81(a)(5). As such, there is no irreconcilable conflict between the Federal Rules of Civil Procedure and the FCA that would justify application of the Rules Enabling Act.

For these reasons, this Court concludes that 31 U.S.C. § 3731(a) authorizes nationwide subpoena power. Accordingly, Dr. Swarup is bound by the United States' subpoena, unless the subpoena imposes an undue burden.

## II. Undue Burden Analysis Under Federal Rule of Civil Procedure 45

Even when the United States' subpoena is otherwise proper, a court determining whether to quash or modify a subpoena must consider whether the subpoena in question constitutes an undue burden under Rule 45(d)(3)(A)(iv), Fed. R. Civ. P. *See, e.g., Hockaday*, 2022 WL 15092294, at *2. Here, Dr. Swarup contends that requiring him to testify in person would constitute an undue burden in light of his prior deposition and his busy surgical schedule treating patients in North Carolina and Virginia. The United States argues that, although testifying at trial would burden Dr. Swarup, that burden is outweighed by the importance of his trial testimony.

"In determining whether a subpoena poses an undue burden, the court should balance the relevance of the testimony sought and the requesting party's need for the testimony against the potential hardship to the party subject to the subpoena." *Tyler v. Rahe*, No. 08-00129-CV-W-DW, 2014 WL 1875257, at *1 (W.D. Mo. May 9, 2014). The party opposing the subpoena must prove that the subpoena imposes an undue burden. *Id.*

Dr. Swarup is a practicing ophthalmologist surgeon, serving elderly and financially disadvantaged patients in regions of North Carolina and Virginia, where the number of ophthalmologists is limited. The Court does not take lightly the burden that the subpoena imposes on Dr. Swarup and his patients, as it would require him to travel over 1,000 miles and would almost certainly affect his treatment-and-surgery schedule. The United States

argues that the need for Dr. Swarup's in-trial testimony is substantial, because Dr. Swarup's testimony concerns renumeration Defendants offered and paid to Dr. Swarup from a "secret slush fund" and is thus directly probative of Defendants' knowledge and willfulness. In addition, the United States contends that professional obligations, even when substantial, are an insufficient basis to quash a subpoena. *Ferrell v. IBP, Inc.*, No. C98-4047-MJM, 2000 WL 34032907, at *1 (N.D. Iowa Apr. 28, 2000) (finding "demanding professional responsibilities" an insufficient basis to quash a subpoena). The Court agrees that, while the burden on Dr. Swarup is significant, it is not an undue burden in light of the relevance of Dr. Swarup's testimony and the United States' need for his testimony at trial to establish Defendants' knowledge and willfulness.

Dr. Swarup contends that the United States can simply play his deposition testimony at trial rather then requiring him to attend in person. The United States responds that Dr. Swarup's deposition testimony establishes Dr. Swarup's personal knowledge of the facts of the case and, therefore, that "Plaintiffs are entitled to present this testimony to the jury" at trial. *Paul v. Stewart Enters. Inc.*, No. Civ.A. 99-3441, 2000 WL 1597935, at *2 (E.D. La. Oct. 26, 2000) (denying motion to quash subpoena even when witness had previously been deposed); *Marsteller*, 2021 WL 7907339, at *2 (recognizing that a party "should generally have an opportunity to present its case in a manner that party believes the situation warrants" but finding good cause to modify subpoena to allow remote testimony based on grounds other than existence of a prior deposition). Neither of the Eighth Circuit cases that Dr. Swarup cites compels a different conclusion, as neither case directly addresses whether the existence of a prior deposition is sufficient to quash a subpoena

under the undue burden analysis.  *See generally Wagner v. Gallup, Inc.*, 788 F.3d 877, 890–91 (8th Cir. 2015) (addressing improperly issued subpoenas); *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2.*, 197 F.3d 922, 924 (8th Cir. 1999) (quashing subpoena where party sought irrelevant and embarrassing information from deponent).  Moreover, depositions have long been treated as a second-best substitute, and courts recognize a preference for live testimony.  *See Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Am.*, 262 F.R.D. 293, 300–01 (S.D.N.Y. Sept. 16, 2009).  The Court does not conclude that Dr. Swarup's prior deposition is a sufficient replacement for his in-person testimony at trial, nor is modifying the subpoena to allow Dr. Swarup to testify remotely merited.

For these reasons, the Court declines to quash or modify the United States' subpoena.  Nonetheless, in light of the significant burden imposed on Dr. Swarup and his patients, the Court encourages the parties to confer in an effort to agree on an arrangement in which the inconvenience to Dr. Swarup is as limited as possible.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that non-party Jitendra Swarup, M.D.'s motion to quash or modify the United States' subpoena to appear and testify at trial, (Dkt. 816), is **DENIED**.

Dated:  December 30, 2022            /s/ Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge