UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, ex rel. Kipp Fesenmaier, | Case No. 13-cv-3003 (WMW/DTS) |
| Plaintiffs, | **ORDER** |
| v. | |
| The Cameron-Ehlen Group, Inc., and Paul Ehlen, | |
| Defendants. | |

This matter is before the Court on the Plaintiffs' letter seeking leave of Court to revise the at-issue claims and to present a rebuttal case. (Dkt. 945.) With some objections to the procedure by which the revised claims are presented to the jury, Defendants do not object to the revision Plaintiffs request. Defendants do object, however, to the rebuttal case Plaintiffs propose. (Dkt. 950.) For the reasons addressed below, Plaintiffs' request to revise its claims is granted and the request to present a rebuttal case is granted in part and denied in part.

## BACKGROUND

Briefly described, the allegations in the case are that Defendants, the Cameron-Ehlen Group, Inc., doing business as Precision Lens, and Paul Ehlen, the owner of Precision Lens, offered unlawful kickbacks to ophthalmologists that caused those ophthalmologists to submit false or fraudulent claims for Precision Lens products to Medicare in violation of the False Claims Act (FCA), 31 U.S.C. § 3729(a)(1)(A)-(B).

The parties began presenting the case to the jury on January 9, 2023. Plaintiffs rested their case on January 31, 2023, and the conclusion of Defendants' case is imminent. Plaintiffs seek leave to withdraw certain alleged kickbacks and the false claims related to those kickbacks, and to present rebuttal evidence through three witnesses.

## ANALYSIS

### I.  Revision of Claims

Rule 15, Fed. R. Civ. P., governs the amendment of claims during trial, providing that the Court "should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b)(1). The Court must not ask the jury to determine matters that are no longer in dispute. *See Lamb Eng'g & Const. Co. v. Nebraska Pub. Power Dist.*, 103 F.3d 1422, 1432 (8th Cir. 1997) (noting that it is error to submit to the jury evidence regarding a claim that was withdrawn).

Plaintiffs request that its list of at-issue claims be revised to eliminate 18 alleged kickbacks and the false claims alleged to be related to these kickbacks. Defendants agree that the 18 alleged kickbacks and related false claims should not be presented to the jury. Defendants request that Plaintiffs substitute, rather than revise, the exhibits that have previously been presented to the jury. Defendants further request that the Court instruct the jury regarding the revision.

Because Plaintiffs acknowledge that they have not established the 18 kickbacks they seek to withdraw, including those kickbacks on the verdict form risks confusing the jury and producing an inconsistent verdict. The Court appreciates the parties' agreement about

the presentation of the revised claims to the jury and welcomes their suggestions as to an appropriate instruction regarding the revision of Plaintiffs' claims. Plaintiffs' request to withdraw the 18 kickbacks and related alleged false claims is granted.

## II.     Rebuttal

"Normally, parties are expected to present all of their evidence in their case in chief." *Gossett v. Weyerhaeuser Co.*, 856 F.2d 1154, 1156 (8th Cir. 1988) (quotation omitted). Rebuttal evidence may be allowed in civil cases "to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Lamoreaux,* 422 F.3d 750, 755 (8th Cir. 2005) (quotation omitted). "The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting *Faigin v. Kelly,* 184 F.3d 67, 85 (1st Cir. 1999)). Thus, rebuttal is properly used only "to challenge the evidence or theory of an opponent—and not to establish a case-in-chief." *Marmo*, 457 F.3d at 759; *see also id.* ("[A] district court should allow rebuttal evidence only if it is necessary to refute the opponent's case.") (citing John Henry Wigmore, *Evidence in Trials at Common Law* § 1873 (1976)). Whether to allow "additional evidence on rebuttal depends upon the circumstances of the case and rests within the discretion of the individual most able to weigh the competing circumstances, the trial judge." *Smith v. Conley,* 584 F.2d 844, 846 (8th Cir. 1978).

Plaintiffs seek leave to present the testimony of three witnesses in rebuttal.

### A. Ian Dew

Because Defendants have agreed to the revision of claims discussed above, Mr. Dew's live testimony will be unnecessary. Plaintiffs' request to present his testimony is therefore denied as moot.

### B. Dr. Adriane Fugh-Berman

Dr. Fugh-Berman did not testify in Plaintiffs' case-in-chief but was disclosed as a potential expert witness. According to Plaintiffs, her testimony rebuts the testimony of Defendants' expert Scott Van Meter. But her testimony is not related to Mr. Van Meter's statistical analysis. Rather, her testimony relates to physician motivation, and specifically the psychology of gifts and incentives on physician behavior, specifically a topic that Mr. Van Meter did not purport to address.

Evidence regarding whether the physicians in this case believed that they were influenced by the alleged kickbacks has been a recurring theme in this case, from one of the first ophthalmologists presented in Plaintiffs' case-in-chief to the final witnesses in Defendants' case. This evidence was not "new" or "unforeseen" evidence brought out in Defendants' case. *See Marmo*, 457 F.3d at 759. Dr. Fugh-Berman's testimony could have been presented in Plaintiffs' case. Because it is not properly the subject of rebuttal, Plaintiffs' request to present Dr. Fugh-Berman's testimony is denied.

### C. Kevin Johnson

Mr. Johnson is an attorney who was deposed regarding advice he gave Defendants about Federal Aviation Administration rules and regulations. Defendants presented

evidence in their case about FAA requirements. Plaintiffs assert that Mr. Johnson's presumably brief deposition testimony is in rebuttal to that new information.

Defendants oppose the request, arguing that Plaintiffs could have presented Mr. Johnson's testimony during Plaintiffs' case-in-chief. Defendants note that Plaintiffs also elicited testimony regarding FAA regulations during the case-in-chief, asserting that the testimony regarding FAA requirements during Defendants' case was therefore not "new" or "unforeseen."

Given the disputed testimonial evidence regarding FAA requirements for private charters, the Court finds that Mr. Johnson's testimony is appropriate rebuttal testimony that will assist the jury. Plaintiffs' request to present Mr. Johnson's deposition in rebuttal is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' request to revise the kickbacks and false claims at issue, (Dkt. 945), is **GRANTED**.

2. Plaintiffs' request to present rebuttal testimony, (Dkt. 945), is **GRANTED IN PART AND DENIED IN PART** as set forth above.

Dated: February 10, 2023

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

5