# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America, ex rel.
Kipp Fesenmaier

    Plaintiffs,

v.

The Cameron-Ehlen Group, Inc.,
*doing business as Precision Lens*; and
Paul Ehlen,

    Defendants.

Case No. 13-CV-3003 (WMW/DTS)


**FINAL JURY INSTRUCTIONS**

1

# JURY INSTRUCTION 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I will give you additional instructions.

You must follow all of my instructions—the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I will not repeat some of the instructions I gave you at the beginning of or during the trial.

In the jury room, you will have copies of the instructions I am about to give you now. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

## JURY INSTRUCTION 2

Precision Lens is a corporation. A corporation acts only through its agents or employees, and any agent or employee of a corporation may bind the corporation when acting within the scope of the authority delegated to the agent by the corporation, or within the scope of the duties as an employee of the corporation.

# JURY INSTRUCTION 3

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I received as exhibits, facts that I told you the parties have agreed are true and any other facts that I told you to accept as true. Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions and comments are not evidence.

2. Documents or other things that might have been in court or were talked about, but that I did not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right—and sometimes a duty—to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustained a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I struck from the record, or told you to disregard, are not evidence, and you must not consider them.

5. Anything you saw or heard about this case outside the courtroom is not evidence, and you must not consider it.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, as the law makes no distinction between the weight to be given to direct and circumstantial evidence.

# JURY INSTRUCTION 4

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records or other underlying evidence in the case, but not admitted in evidence as exhibits. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and decide the facts from the books, records or other underlying evidence.

## JURY INSTRUCTION 5

Certain other charts and summaries were admitted in evidence as Exhibits P-1159, P-1160, P-1166 through P-1192, P-1214, P-1216, and P-1218 through P-1223. You may use those charts and summaries as evidence, even though the underlying documents and records are not here. However, the accuracy or authenticity of those summaries and charts has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way they were prepared.

# JURY INSTRUCTION 6

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

# JURY INSTRUCTION 7

You have heard testimony from experts—Ian Dew, Michael Phillips, David Duffus, and Scott Van Meter—who testified to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

## JURY INSTRUCTION 8

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of the claims by the greater weight of the evidence. If the proof should fail to establish any essential element of a claim by the greater weight of the evidence in the case, the jury should find for the defendants as to that claim.

A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; it does not apply here.

## JURY INSTRUCTION 9

In this case, Plaintiffs seek recovery from Defendants under the False Claims Act. Plaintiffs allege that Defendants are liable under the False Claims Act due to violations of the Anti-Kickback Statute. Therefore, in determining whether Defendants violated the False Claims Act, you will first have to determine whether Defendants violated the Anti-Kickback Statute.

I will now instruct you on the elements of the Anti-Kickback Statute and on the meaning of certain words in that instruction. Then, I will instruct you on the elements of the False Claims Act and on the meaning of certain words in that instruction.

## JURY INSTRUCTION 10

Plaintiffs allege that Defendants are liable under the False Claims Act because of violations of the Anti-Kickback Statute. To establish that Defendants violated the Anti-Kickback Statute, Plaintiffs must prove three elements by the greater weight of the evidence:

*One*, Defendants knowingly and willfully offered or paid remuneration to a particular physician,

*Two*, at least one purpose of the remuneration was to induce the physician's selection of an item; and

*Three*, the item was covered, in whole or in part, by a federal medical program such as Medicare.

An act is done "knowingly" for purposes of the Anti-Kickback Statute if the act is done voluntarily and intentionally, and not because of a mistake or accident. An act is done "willfully" if Defendants knew that the act was unjustifiable or wrongful, even if Defendants were not aware of the specific law or rule that they may have been violating.

As used in the Anti-Kickback Statute, "remuneration" includes any benefit, or anything of value, in any form or manner, provided directly or indirectly, overtly or covertly, in cash or in kind. This includes transfers of items or services either for free or for an amount other than fair market value.

11

# JURY INSTRUCTION 11

To establish that Defendants violated the False Claims Act, Plaintiffs must prove three elements by the greater weight of the evidence:

*One*, Defendants caused to be presented a false claim to the government for payment, or caused records or statements to be made or used in support of a false claim to the government;

*Two*, Defendants knew that the claim was false or fraudulent or knew that the records or statements in support of the claim were false; and

*Three*, the false or fraudulent information in the claim, record, or statement was material to the government's decision to pay the claim.

In the context of this case, a claim for reimbursement from Medicare is "false or fraudulent" if the claim violates a material condition of reimbursement through a misstatement or omission.

A defendant's conduct may be found to have caused the submission of a claim for Medicare reimbursement if the conduct was (1) a substantial factor in inducing providers to submit claims for reimbursement, and (2) if the submission of claims for reimbursement was reasonably foreseeable or anticipated as a natural consequence of defendants' conduct.

For purposes of the False Claims Act, the terms "knowingly" or "knew" means that a defendant, with respect to a claim or the records or statements in support of the claim, either (1) has actual knowledge of the information, or (2) acts in deliberate ignorance of the truth or falsity of the information, or (3) acts in reckless disregard of the truth or falsity of the information. No proof of specific intent to defraud is required.

"Actual knowledge" means an affirmative understanding that the claims, or the records or statements in support of the claims, were false.

"Deliberate ignorance" means to purposely avoid learning all the facts, or suspecting a fact but refusing to confirm it, or deliberately ignoring clear warning signs regarding what would otherwise have been obvious.

"Reckless disregard" means acting recklessly in determining whether claims, or the records or statements in support of the claims, were true or false. An innocent mistake or mere negligence is not sufficient to constitute knowledge under the False Claims Act. But if a defendant failed to make such inquiry as would be reasonable and prudent, that is evidence of reckless disregard.

"Material" means having a natural tendency to influence, or be capable of influencing, the payment of money. A misrepresentation is "material" for purposes of the False Claims Act if either (1) a reasonable person would likely attach importance to it or (2) Defendants knew or should have known that the government would attach importance to it. In deciding whether an alleged misrepresentation was "material," you must look to the effect on the likely behavior or actual behavior of the recipient of the alleged misrepresentation.

The Government's decision to expressly identify compliance with a statute as a condition of payment is relevant to whether compliance with that provision is material, but it is not automatically dispositive. You may, but are not required to, find that compliance with the Anti-Kickback Statute was a material condition of reimbursement.

13

## JURY INSTRUCTION 12

One of the issues in this case is whether the Defendants acted in "good faith." To establish that Defendants violated the Anti-Kickback Statute, Plaintiffs must show that Defendants knowingly and willfully offered or paid remuneration to a particular physician. Good faith negates willfulness. The essence of good faith is that one who acts with honest intentions cannot be found to have acted with knowledge that the act was unjustifiable or wrongful. The phrase "good faith" includes, among other things, an opinion or belief honestly held, even if the opinion is in error or the belief is mistaken.

The United States has the burden of proving by the greater weight of the evidence that the defendants acted willfully. Evidence that a defendant acted in good faith may be considered by you, together with all the other evidence, in determining whether that defendant acted willfully.

# JURY INSTRUCTION 13

Among the ways that Defendants argue they acted in good faith was by following the advice of their attorneys. Whether Defendants acted in a manner consistent with the advice of counsel is a circumstance that may be considered by you in determining whether the defendant acted in good faith and lacked willfulness.

A defendant does not act willfully if (1) before taking action, the defendant in good faith consulted an attorney whom that defendant considered competent; (2) the defendant's consultation with the attorney was for the purpose of securing advice on the lawfulness of that defendant's possible future conduct; (3) the defendant made a full and accurate report to the attorney of all material facts known to that defendant; and (4) the defendant then acted strictly in accordance with the advice the attorney gave.

Whether Defendants in good faith followed the advice of counsel by meeting all four of these requirements is for you to determine.

## JURY INSTRUCTION 14

If you find one Defendant or both Defendants liable under the False Claims Act, then you must determine, if you can without speculating, the number of fraudulent or false claims that the Defendant caused to be submitted to Medicare.

## JURY INSTRUCTION 15

Your measure of damages must be based on the number of fraudulent or false claims, if any, that you determine each Defendant caused to be submitted to Medicare. The appropriate measure of damages is the full amount that the government paid for each fraudulent or false claim that one Defendant or both Defendants caused to be submitted to Medicare.

The United States must prove its damages with reasonable certainty. You may not award damages that are speculative—that is, damages that might be possible but are based solely on guesswork. The United States is not required to prove the exact amount of its damages, but the United States must show sufficient facts and circumstances to permit you to make a reasonable estimate of the damages.

## JURY INSTRUCTION 16

The fact I have instructed you as to the proper measure of damages should not be considered as indicating my view as to which party is entitled to your verdict in this case. The United States must prove its damages by the greater weight of the evidence.

## JURY INSTRUCTION 17

Under the False Claims Act, defendants are jointly and severally liable. That means that the United States can recover the total sum of damages only once from either or both of the defendants whom you find to have violated the False Claims Act. Thus, if you find that Defendants have violated the False Claims Act, you should determine the amount of damages for which each defendant may be responsible. If you find that each defendant is responsible for the same damages, you should not concern yourself with how the damages are apportioned between the defendants; that is the Court's job.

## JURY INSTRUCTION 18

Any money recovered under the False Claims Act goes to the United States. The United States may then provide the relator—in this case, Kipp Fesenmaier—with a portion of that recovery. You are not to allow the possibility of a relator's share of the recovery enter into your deliberations about whether, or the extent to which, the United States is entitled to monetary damages.

## JURY INSTRUCTION 19

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges—judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you.

You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone—including me—how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally,* the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it and tell the court security officer that you are ready to return to the courtroom. I will read the verdict form to you now.