UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civ. No. 13-3003 (WMW/DTS)

| | |
|---|---|
| United States of America, *ex rel.* Kipp Fesenmaier,<br><br>  Plaintiffs,<br><br>v.<br><br>The Cameron-Ehlen Group, Inc., Dba Precision Lens, and Paul Ehlen<br><br>  Defendants. | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT** |

Consistent with the jury's verdict announced on February 27, 2023, Plaintiffs respectfully request that the Court enter judgment in this matter in the amount of $489,529,705.13, pursuant to the False Claims Act, 31 U.S.C. § 3729(a) (FCA). As discussed in further detail below, Plaintiffs respectfully request that the Court enter judgment for the Plaintiffs, treble the jury's damages verdict, and impose penalties at the minimum end of the statutory range for each of the false claims. Plaintiffs further request that the Court award post-judgment interest at the legal rate set by 28 U.S.C. § 1961(a),

computed daily and compounded annually until the Government is paid in full, plus taxable costs and statutory attorneys' fees and nontaxable expenses, to be calculated at a later date.[1]

## I. The Verdict

The jury found that both Defendants Precision Lens and Paul Ehlen violated the FCA. Verdict Form, ECF 985, at 2. It concluded that each Defendant was liable for the submission of 64,575 false claims. *Id.* at 38. And it concluded that Precision Lens and Mr. Ehlen were each jointly and severally responsible for $43,694,641.71 in damages. *Id.* at 39.

## II. The Court Should Enter Judgment Consistent with the Jury's Verdict

The FCA imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," as well as on any person who "knowingly makes, use, or causes to be made or used, a false record or statement material to false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A), (a)(1)(B). For each violation, a defendant "is liable to the United States Government for a civil penalty of not less than [$5,500] and not more than [$11,000] . . . plus 3 times the amount of damages

---

[1] The False Claims Act requires Defendants in this case to also pay Mr. Fesenmaier's attorneys' fees, costs, and expenses:

> If the Government proceeds with an action brought by a [relator]…[that relator] shall also receive an amount for reasonable expenses which the Court finds to have been necessarily incurred, plus reasonable attorney's fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.

31 U.S.C. § 3130(d)(1). Consistent with the statutory language, Mr. Fesenmaier will, at the appropriate time after entry of judgment, move the Court for attorneys' fees, costs, and expenses.

which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a); *see also* 28 C.F.R. § 85.3(a)(9). "FCA damages typically are liberally calculated to ensure that they afford the government complete indemnity for the injuries done it." *United States ex rel. Roby v. Boeing Co.*, 302 F.3d 637, 646 (6th Cir. 2002) (internal quotation marks omitted); *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 304 (6th Cir. 1998). The computation of damages does not have to be done with mathematical precision but, rather, may be based upon a reasonable estimate of the loss. *E.g.* Jury Instruction 15, ECF 982 at 17.

Defendants are jointly and severally liable for the damages assessed. *See* Jury Instruction 17, ECF 982 at 19 ("Under the False Claims Act, defendants are jointly and severally liable. That means that the United States can recover the total sum of damages only once from either or both of the defendants whom you find to have violated the False Claims Act."). *See also* 31 U.S.C. § 3729(a); *Mortgages, Inc. v. United States Dist. Court for the Dist. of Nevada (Las Vegas)*, 934 F.2d 209, 212 (9th Cir. 1991).

### A.   Trebling by the Court is Required Following a Verdict

A defendant that is found to have violated the False Claims Act "is liable to the United States Government for . . . 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729.

A plain reading of the statute, the relevant case law, and the legislative history confirms that a court may not depart from the mandatory trebling of damages. *United States ex rel. Vigil v. Nelnet, Inc.,* 639 F.3d 791, 796 (8th Cir. 2011) ("The FCA's core provisions impose treble damages on defendants [who violate the FCA]."); *United States v. Paskon*,

3

No. 4:07-CV-1161, 2008 WL 4948458, at *4 (E.D. Mo. 2008) ("the statute directs the Court to treble th[e] amount [of damages]"); *Fresenius Med. Care Holdings, Inc. v. United States*, Civ. A. No. 08-12118-DPW, 2013 WL 1946216, at *6 (D. Mass. May 9, 2013) ("[T]he government need only prove its single damages, after which multiple damages are applied as a matter of course."), *aff'd*, 763 F.3d 64 (1st Cir. 2014); *U.S. ex rel. Roberts v. Aging Care Home Health, Inc.*, 2007 WL 4522465, at *6 (W.D. La. Dec. 18, 2007) ("Having determined that the Government prevails, the Court is required by the FCA to award treble damages and a fine of not less than $5,500 nor more than $11,000 per claim."); *United States v. Rogan*, 459 F. Supp. 2d 692, 726 (N.D. Ill. 2006).

Treble damages have a "compensatory" nature, as indicated by the fact that a relator's share comes from the Government's recovery. *Cook Cnty. v. United States ex rel. Chandler*, 538 U.S. 119, 120 (2003). They also have a deterrent effect: "[t]he objective of deterring fraud was reinforced by the 1986 amendments to the FCA, which require the payment of treble damages and increase the forfeiture penalty for each false claim submitted by the defendant." *In re Commonwealth Companies, Inc.*, 913 F.2d 518, 526 (8th Cir. 1990).

Trebling the verdict of $43,694,641.71 for each Defendant, with application of joint and several liability, results in damages in the amount of $131,083,925.13.

### B. The Mandatory Minimum Statutory Penalty Amount Is $358,445,780.

Statutory penalties under the False Claims Act are mandatory, even for claims that are not paid, or where there is otherwise no damage to the government. *See U.S. ex rel.*

4

*Grubbs v. Kanneganti*, 565 F.3d 180, 189 (5th Cir. 2009) ("Put plainly, the statute is remedial and exposes even unsuccessful false claims to liability. A person that presented fraudulent claims that were never paid remains liable for the Act's civil penalty."); *United States v. Killough*, 848 F.2d 1523, 1533 (11th Cir. 1988). It is the role of the jury to determine the number of false claims, and the role of the Court to assess the per-claim amount of statutory penalties. *See Cook Cnty.*, 538 U.S. at 132. The Court is bound, however, in doing so by the ranges established by Congress. *See* 31 U.S.C. § 3729(a); *Killough*, 848 F.2d at 1533.

The per-claim statutory range that was set by Congress in 1986 was $5,000 to $10,000 per claim. *See* 31 U.S.C. § 3729(a). This amount has increased over time, in accordance with the Federal Civil Monetary Penalties Inflation Adjustment Act of 1990, Pub. L. No. 101-410. For violations occurring between September 29, 1999 to November 2, 2015, the statutory range is $5,500 to $11,000 per false claim. *See* 28 C.F.R. § 85.3(9). As to false claims submitted after November 2, 2015, the statutory penalty range is determined by the date of assessment, in accordance with the Bipartisan Budget Act of 2015, Public Law 114-74 (Nov. 2, 2015). The jury was asked to calculate damages using Plaintiffs' exhibit P-1223. That exhibit breaks down claims by month but not by day, so claims submitted for November surgeries should use the earlier statutory range. The December 2015 claims should use the higher range, which today is $13,508–$27,018 per false claim. *See* 28 C.F.R. § 85.3(9).

Plaintiffs determined the doctors with December 2015 claims using the verdict form and P-1223. The jury found that six doctors received kickbacks in 2015:

5

Drs. DeChamplain, Lindstrom, Thompson, Weir, Merck, and Wallyn. Plaintiffs sought to recover false claims for a time period that was typically one year following the receipt of a kickback. Plaintiffs did not identify false claims for Doctors Merck and Wallyn in December 2015. For the other four doctors, Plaintiffs calculated a total of 410 false claims for that month:

### December 2015 Claims by Physicians Found to Have Received Kickbacks in 2015

| Physician | J&J Facility Fee Claims | J&J Professional Fee Claims | Other Facility Fee Claims | Other Professional Fee Claims | Total Claims |
|---|---|---|---|---|---|
| Richard DeChamplain | 52<br>Tab 2, D1068 | 53<br>Tab 2, E1068 | 0 | 0 | 105 |
| Richard Lindstrom | 1<br>Tab 2, D1145 | 1<br>Tab 2, E1145 | 0 | 0 | 2 |
| Vance Thompson | 37<br>Tab 2, D1352 | 37<br>Tab 2, E1352 | 0 | 0 | 74 |
| Kurt Weir | 15<br>Tab 2, D702 | 14<br>Tab 2, E702 | 103<br>Tab 3, D205 | 97<br>Tab 3, E205 | 229 |
| Total Claims | 105 | 105 | 103 | 97 | 410 |

*Italicized citations above are to Exhibit P-1223*

The jury found a total of 64,575 false claims. Plaintiffs seek mandatory penalties at the minimum end of the statutory range for each false claim. For January 2006-November 2015, there were 64,165 false claims. Applying the lowest penalty in the statutory range yields a penalties amount of $352,907,500, which is 64,165 multiplied by $5,500. For December 2015, the lowest penalty amount in the statutory range ($13,508) multiplied by 410 false claims yields a penalties amount of $5,538,280. Adding the two amounts together results in a penalties award of $358,445,780.

When added to the treble damages amount of $131,083,925.13, this yields $489,529,705.13 in damages and penalties.

6

### III.     Conclusion

For the reasons discussed above, Plaintiffs respectfully request that the Court enter judgment in the amount of $489,529,705.13.

Plaintiffs further request that the Court award post-judgment interest at the legal rate set by 28 U.S.C. § 1961(a), computed daily and compounded annually until the Government is paid in full, plus taxable costs and statutory attorneys' fees and nontaxable expenses, to be calculated at a later date.

Dated:  March 17, 2023

ANN M. BILDTSEN
First Assistant United States Attorney
*Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515*

 s/ Chad A. Blumenfield

CHAD A. BLUMENFIELD (#387296)
BAHRAM SAMIE (#392645)
ANDREW TWEETEN (#395190)
Assistant United States Attorneys
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415
(612) 664-5600

**Attorneys for Plaintiff
United States of America**

| | |
|---|---|
| Dated: March 17, 2023 | Morgan Verkamp LLC |
| | *s/ Jennifer M. Verkamp* |
| | Jennifer M. Verkamp (OH 0067198)<br>Sonya A. Rao (MA 647170)<br>Chandra Napora (OH 0092886)<br>4410 Carver Woods Dr., Ste. 200<br>Cincinnati, Ohio 45242<br>Tel. (513) 651-4400<br>Fax (513) 651-4405<br>jverkamp@morganverkamp.com<br>sonya.rao@morganverkamp.com<br>c.napora@morganverkamp.com |
| | **Attorneys for Plaintiff-Relator Kipp Fesenmaier** |