UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, ex rel. Kipp Fesenmaier, | Case No. 13-cv-3003 (WMW/DTS) |
| Plaintiffs, | **ORDER** |
| v. | |
| The Cameron-Ehlen Group, *doing business as Precision Lens*, and Paul Ehlen, | |
| Defendants. | |

---

Before the Court is Plaintiffs' motion to enter judgment in this matter. (Dkt. 1015). For the reasons explained below the motion is granted. Judgment is to be entered in this matter in the amount of $487,048,705.13.

Defendants are suppliers of ophthalmologic devices. A jury concluded that Defendants violated the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b, by offering remuneration in the form of trips, meals and other items of value to dozens of ophthalmologists over a ten-year period. The ophthalmologists, in turn, purchased medical supplies from Defendants and later sought reimbursement from Medicare for medical procedures conducted using items purchased from Defendants. The jury concluded Defendants' requests for Medicare reimbursement were submitted in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, because the requests for reimbursement failed to disclose that the AKS had been violated during the procurement of supplies used

during the medical procedures. The jury found that Defendants had caused the false claims to be submitted to Medicare or had caused records or statements to be made or used in support of the false claims.

The jury also considered both the number of false claims submitted to Medicare as a result of kickbacks attributable to Defendants and the damages to Medicare as a result of those false claims. The jury found that 64,575 false claims were submitted to Medicare due to Defendants conduct, which resulted in $43,694,641.71 in damages to Medicare.

A person or entity found to have violated the FCA "is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act . . . plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a)(1). In light of Section 3729(a)(1), the parties were directed shortly after the jury rendered its verdict to raise any remaining issues that must be addressed before entry of judgment, such as the amount of damages properly assessed under the FCA. Plaintiffs subsequently moved for entry of judgment in the amount of $489,529,705.13, not including interest and other costs. The amount sought included $131,083,925.13 in trebled damages (the $43,694,641.71 in damages found by the jury multiplied by three) and an additional $358,445,780 in statutory penalties, an amount at the bottom of the range established by 31 U.S.C. § 3729(a)(1) for penalties.

Defendants do not dispute that Plaintiffs' calculation under Section 3729(a)(1) is accurate. In other words, Defendants do not argue that the trebling of damages results in an amount other than $131,083,925.13, or that the minimum in statutory penalties assessed

2

under the FCA would be something other than $358,445,780. Defendants, however, raise three arguments in opposition to the motion for entry of judgment. First, Defendants contend that the jury's verdict resulted from errors made by the Court in interpreting the FCA and AKS prior to trial, which in Defendants' view, resulted in the jury's damages calculation being incorrect. Second, Defendants argue that the damages amount is excessively punitive and, therefore, violates the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth Amendment. Third, Defendants argue that the judgment in this matter must be offset by the amount of settlement payments to Plaintiffs made by Sightpath Medical, Inc., James Tiffany, and Dr. Jitendra Swarup in resolution of claims that those persons and that entity had engaged in related conduct. In response to this third argument, Plaintiffs have modified their request for entry of judgment to account for $2,481,000 in settlement proceeds, resulting in a modified request for entry of judgment in the amount of $487,048,705.13.

The Court's direction to the parties regarding briefing of pre-judgment issues was intended to pertain only to the question of the amount of damages calculated under Section 3729(a)(1) in light of the jury's verdict. Rule 58(b)(2) of the Federal Rules of Civil Procedure requires that "the court must promptly approve the form of the judgment . . . ." This is ordinarily a simple process, even when the jury is asked to return a special verdict. Only the potentially intricate operation of Section 3729(a)(1) prevented the entry of judgment in this matter immediately after the jury rendered its verdict. And it is only the question of the effect of Section 3729(a)(1) that the Court resolves here.

Defendants do not challenge Plaintiffs' calculation that, accepting the jury's verdict findings, the minimum amount of damages assessed on the face of the FCA would be $489,529,705.13. And the Court concludes independently that this amount is an accurate calculation.[1] Because Plaintiffs no longer request that $2,481,000 of that amount be included in the judgment, the Court will offset the amount of judgment by that amount, resulting in a judgment of $487,048,705.13.

This Order does not resolve any of the arguments that Defendants have put forward regarding why judgment should be entered in a lesser amount, and the Court anticipates that those arguments and perhaps others will be raised by Defendants following the entry of judgment. Defendants are not precluded from presenting these arguments again during post-trial motion practice. To assist in focusing the arguments of both sides following entry of judgment, the parties should be mindful that it is highly unlikely that the Court will revisit any of the legal conclusions made prior to or during trial. The parties remain free to raise any argument in support of its post-judgment motions and may be obligated to raise certain arguments in order to preserve those arguments on appeal. The bulk of the parties' briefing, however, may warrant legal analysis of the issues that have not already been resolved by the Court—for example, Defendants' contention that the judgment amount

---

[1] Specifically: Section 3729(a)(1) requires that the $43,694,641.71 in damages found by the jury be multiplied by three ($131,083,925.13). Of the 64,575 false claims found by the jury, at least 410 were made on or after December 1, 2015, and are therefore subject to a minimum penalty of $13,508 ($5,538,280). *See* 28 C.F.R. § 85.5. The remaining 64,165 false claims are subject to the $5,500 minimum penalty established by 28 C.F.R. § 85.3(a)(9) ($352,907,500). These figures ($131,083,925.13 + $5,538,280 + $352,907,500) amount to $489,529,705.13 in total.

violates the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth Amendment, or any argument from Defendants that settlement proceeds in an amount greater than $2,481,000 should be offset from the judgment.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion for entry of judgment, (Dkt. 1015), is **GRANTED**.

Dated: May 12, 2023

/s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge