UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 13-cv-3003 (WMW/DTS)

| | |
|---|---|
| United States of America<br>*ex rel.* Kipp Fesenmaier,<br><br>          Plaintiffs,<br><br>v.<br><br>The Cameron-Ehlen Group, Inc., d/b/a<br>Precision Lens, and Paul Ehlen,<br><br>          Defendants. | **MEMORANDUM OF LAW<br>IN SUPPORT OF<br>PLAINTIFFS' MOTION<br>TO SUBSTITUTE** |

Defendants have notified Plaintiffs that Defendant Paul C. Ehlen has passed away. In reliance on Defendants' representation and pursuant to Federal Rule of Civil Procedure 25(a)(1), Plaintiffs move to substitute the Estate of Paul C. Ehlen (the "Estate") in place of Defendant Mr. Paul Ehlen.

## BACKGROUND

The operative complaint in this matter asserts claims against two Defendants: The Cameron-Ehlen Group, Inc., d/b/a Precision Lens, and Paul Ehlen. ECF No. 105. This matter proceeded to trial, and a jury returned a verdict against both Defendants. ECF No. 985. The Court subsequently entered judgment against both Defendants on May 12, 2023. ECF No. 1083.

On June 27, 2023, Defendants' counsel notified Plaintiffs' counsel that Defendant Mr. Ehlen had passed away. On July 6, 2023, a probate matter was opened in Montana state

court regarding Mr. Ehlen's estate.[1]   Defendants have not formally notified this Court of Mr. Ehlen's passing.

## ARGUMENT

In reliance on Defendants' notification that Mr. Ehlen is deceased, Plaintiffs seek to substitute the estate of Mr. Ehlen as a defendant in this matter.  Federal Rule of Civil Procedure 25(a)(1) governs substitution when one party dies during the course of litigation. The Rule provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  Fed. R. Civ. P. 25(a)(1). "A civil action for damages commenced by or on behalf of the United States . . . shall not abate on the death of a defendant but shall survive and be enforceable against his estate as well as against surviving defendants."  28 U.S.C. § 2404.  Section 2404 applies if the recovery sought by the United States is remedial, but not if it is deemed solely punitive.  *United States v. Price*, 290 F.2d 525, 526 (6th Cir.1961) (per curiam); *United States ex rel. Robinson-Hill v. Nurses' Registry and Home Health Corp.*, No. 5:08-145-KKC, 2015 WL 3403054, at *1 (E.D. Ky. May 27, 2015).  If there has been an injury to the United States and the action is brought seeking compensation for that injury, "it is one for damages and does not abate upon the death of the defendant."  *Price*, 290 F.2d at 526.  This is true even if the plaintiff may be entitled to a damages multiplier.  *Id.* at 527 ("In the statute involved here . . . provision is made for an action to be brought by a buyer who has paid an excessive amount

---

[1] *See In the Matter of the Estate of Paul C. Ehlen*, No. DP-41-2023-0000081-IT (Ravalli County District Court). A copy of the docket is attached as Exhibit 1 to the declaration of Chandra Napora.

2

for goods, wherein such buyer may recover the overcharges paid, *trebled*, in the discretion of the court.  This, of course, would be an action for damages.") (emphasis added); *see also Murphy v. Household Fin. Corp.*, 560 F.2d 206, 210 (6th Cir. 1977) ("The fact that the statute allows for accumulated recovery [in addition to actual damages] does not convert an otherwise remedial statutory scheme into a penal one.").

Claims brought pursuant to the False Claims Act ("FCA") are not extinguished by the death of a defendant because they are primarily remedial in nature.  *United States ex rel. Neher v. NEC Corp.*, 11 F.3d 136, 137-38 (11th Cir. 1994) ("It is manifest that the FCA is remedial with respect to the government's recovery against the defendant. . . . The government's recovery against a FCA defendant is intended to compensate the government for damages suffered as a result of the defendant's actions."); *United States v. TDC Mgmt. Corp.*, No. 89-1533, 2014 WL 1286214, at *2 (D.D.C. Apr. 1, 2014) ("the weight of authority has been that claims under the FCA are not extinguished by the death of a party"); *United States ex rel. Klaczak v. Consol. Med. Transp., Inc.*, No. 96-C-6502, 2002 WL 31010850, at *7 (N.D. Ill. Sept. 9, 2002) (citing Section 2404 and finding that "the actions commenced by the United States and the relators in this case are 'a civil action for damages.' ").

The fact that the FCA provides for treble damages does not change the analysis, because treble damages serve numerous remedial purposes.  "[I]t is important to realize that treble damages have a compensatory side serving remedial purposes in addition to punitive objectives."  *Cook Cnty. v. United States ex rel. Chandler*, 538 U.S. 119, 130 (2003) (distinguishing *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S.

3

765 (2000)); *see also id.* at 131 ("the treble damages ceiling has a remedial place under [the FCA]"). Treble damages intend to "compensate the Government completely for the costs, delays, and inconveniences occasioned by fraudulent claims." *See id.* at 130 (quoting *United States v. Bornstein*, 423 U.S. 303, 315 (1976)). Additionally, where, as here, a relator is involved and may be entitled to up to 25 percent of the recovery, "the rough difference between double and triple damages may well serve not to punish, but to quicken the self-interest of some private plaintiff." *See id.* at 131. Moreover, the FCA does not provide for pre-judgment interest—a standard component of compensatory damages—nor does it provide for consequential damages usually recovered in common law fraud cases. *Id.* Thus, "treble damages certainly do not equate with classic punitive damages." *Id*. at 132.

*United States ex rel. Donegan v. Anesthesia Associates* is an instructive application of these principles by a district court in the Eighth Circuit. *See* No. 4:12-CV-0876-DGK, 2015 U.S. Dist. LEXIS 63031, at *2-3 (W.D. Mo. May 14, 2015). There, the defendant opposed substitution of the relator's estate, arguing that the relator's claim was extinguished on his death because of the alleged punitive nature of FCA penalties. The court dispensed with that argument as meritless, noting that "[s]ubstitution of a relator's estate upon the death of the relator is a routine and accepted method by which qui tam litigation proceeds." *Id.* (citing *United States ex rel. Colucci v. Beth Israel Med. Ctr.*, 603 F. Supp. 2d 677, 681 (S.D.N.Y. 2009) (allowing substitution, noting "the majority of courts that have considered the question . . . hold that qui tam actions brought under the FCA survive the death of the relator."). The court went on to observe that it is settled in

4

the Eighth Circuit that "the FCA—including its penalty provision—is remedial in nature." *Id*. (citing *United States v. Aleff*, 772 F.3d 508, 511 (8th Cir. 2014)). In *Aleff*, the Eighth Circuit addressed whether double jeopardy applied when the defendants pled guilty to conspiracy to defraud and were later successfully sued by the United States under the FCA. 772 F.3d at 510. Rejecting the defendants' argument, the court reiterated its prior holdings that the FCA is a civil statute that imposes compensatory damages and "FCA penalties are compensatory." *Id*. at 511-12 (citing, *inter alia*, *United States v. Brekke*, 97 F.3d 1043, 1048-49 (8th Cir. 1996); *United States v. Peters*, 110 F.3d 616, 617-18 (8th Cir. 1997); *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 549-52 (1943)).

In line with *Chandler*, *Donegan*, and Eighth Circuit authority holding that FCA penalties are compensatory, the weight of authority supports that FCA claims are not extinguished by the death of a party. *See TDC Mgmt. Corp.*, 2014 WL 1286214, at *2 (collecting cases and stating that the FCA serves "a primarily remedial purpose"). Indeed, every decision Plaintiffs are aware of after *Chandler* has held that FCA claims survive the death of a party. *See id.* at *2 (claims against a defendant who passed away survive); *see also United States ex rel. Hood v. Satory Glob., Inc.*, 946 F. Supp. 2d 69, 81 (D.D.C. 2013) (qui tam suit survives the death of the relator); *Colucci*, 603 F. Supp. 2d at 680-83 (FCA claims brought by relator are not extinguished by relator's death, citing multiple recent examples); *United States ex rel. Estate of Botnick v. Cathedral Healthcare*

5

*Sys., Inc.*, 352 F. Supp. 2d 530, 532 (D.N.J. 2005) (relying on *Chandler* to hold that "the action is remedial and survives [relator's] death).[2]

Thus, pursuant to the Court's decision in *Chandler* and its progeny, and consistent with Rule 25 and the Eighth Circuit's decisions holding that FCA damages and penalties are compensatory in nature, Plaintiffs seek the substitution of the Estate of Paul C. Ehlen for the Defendant Mr. Ehlen.

Dated:   July 28, 2023

ANN M. BILDTSEN
First Assistant United States Attorney
*Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515*

 s/ Andrew Tweeten

CHAD A. BLUMENFIELD
Assistant United States Attorney
Attorney ID Number 387296
BAHRAM SAMIE
Assistant United States Attorney
Attorney ID Number 392645
ANDREW TWEETEN
Assistant United States Attorney
Attorney ID Number 395190
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
(612) 664-5600

*Attorneys for Plaintiff United States of America*

---

[2] One case predating *Chandler* found that the death of a relator could extinguish the relator's claims.  See *United States ex rel. Harrington v. Sisters of Providence*, 209 F.Supp.2d 1085 (D. Or. 2002).   But both *Hood* and *Colucci* observed that the Supreme Court overruled the *Harrington* logic in *Chandler*.  See *Hood*, 946 F. Supp. 2d at 81; *Colucci*, 603 F. Supp. 2d at 681.

| | |
|---|---|
| Dated:   July 28, 2023 | MORGAN VERKAMP, LLC |
| | *s/ Jennifer M. Verkamp* |
| | JENNIFER M. VERKAMP<br>Attorney ID Number OH 0067198<br>SONYA A. RAO<br>Attorney ID Number MA 647170<br>CHANDRA NAPORA<br>Attorney ID Number OH 0092886<br>4410 Carver Woods Drive, Suite 200<br>Cincinnati, OH 45242<br>(513) 651-4000 |
| | *Attorneys for Relator Kipp Fesenmaier* |